FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:00 pm, Jun 15, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| CATHERINE M. SAPP | ) | Number 11-30468 |
| | ) | |
| Debtor | ) | |
| | ) | |

### OPINION AND ORDER

The issue before the Court is whether Debtor may exempt the full cash surrender value of two life insurance policies pursuant to O.C.G.A. §33-25-11[1] or whether she is limited to the $2,000.00 exemption set forth in O.C.G.A. §44-13-100(a)(9).[2] The

---

[1] O.C.G.A. §33-25-11 states in pertinent part:

(c) The cash surrender values of life insurance policies issued upon the lives of citizens or residents of this state, upon whatever form, shall not in any case be liable to attachment, garnishment, or legal process in favor of any creditor of the person whose life is so insured unless the insurance policy was assigned to or was effected for the benefit of such creditor or unless the purchase, sale, or transfer of the policy is made with the intent to defraud creditors.


[2] O.C.G.A. §44-13-100(a)(9) states in pertinent part:

(a) In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

1

◈AO 72A
(Rev. 8/82)

Chapter 7 Trustee objects to Debtor's attempt to use O.C.G.A. §33-25-11 to exempt these policies. This issue has been thoroughly analyzed by three Georgia bankruptcy courts in In re Dean, 2012 WL 957515 *3 (Bankr. M.D. Ga. March 20, 2012); In re Ryan, 2012 WL 423854 *2 (Bankr. S.D. Ga Jan. 19, 2012) and In re Allen, 2010 WL 3958171 *3 (Bankr. N.D. Ga. Oct. 4, 2010).

These courts applied rules of statutory construction and concluded that O.C.G.A. §44-13-100 is a statute drafted specifically for insolvent and bankrupt estates whereas the Georgia Insurance Code, Title 33, is a broader, more general, statute intended for Georgians who have not filed for bankruptcy and therefore O.C.G.A. §44-13-100 is the applicable exemption statute for parties in bankruptcy. See In re Ryan, 2012 WL 423854 at *2; In re Allen, 2010 WL 3958171 at *3; In re Dean, 2012 WL 957515 at *3. As Allen noted,

---

(9) The debtor's aggregate interest, not to exceed $2,000.00 in value, less any amount of property of the estate transferred in the manner specified in Section 542(d) of U.S. Code Title 11, in any accrued dividend or interest under, or loan or cash value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent

2

O.C.G.A. §33-25-11 appears in the "life insurance" provisions of the Georgia Code, whereas, O.C.G.A. §44-13-100(b) appears in the "Statutory Exemptions" for bankruptcy purposes in the chapter entitled "Exemptions from Levy and Sale."

Pursuant to O.C.G.A. §44-13-100(b), Georgia "opted out" of the federal bankruptcy exemptions and "thus a debtor who files bankruptcy while domiciled in Georgia is limited to the list of exemptions found in O.C.G.A. §44-13-100."[3] In re Ambrose, 179 B.R. 982, 984, n. 2 (Bankr. S.D. Ga. 1995); In re Boyett, 250 B.R. 822, 824 (Bankr. S.D. Ga. 2000). I agree with, and adopt, the reasoning set forth in Dean, Allen and Ryan and find the Trustee's objection should be sustained.

Debtor argues the Allen court "ignored the fact that §44-13-100 is merely elective and also did not contain language to override, or repeal any other Georgia law which protects assets from creditors." Dckt. No. 53, p. 7. However, I find that the use of the word "may" in the Georgia statute denotes the fact that when a debtor files bankruptcy he is not required to exempt any property; however, once he chooses to exempt property, he is limited to exemptions set forth in O.C.G.A. §44-13-100. Furthermore, I find

---

[3] While not controlling for the current case, the Georgia Legislature recently amended O.C.G.A. §44-13-100 effective May 2, 2012. In addition to increasing the homestead exemption, the new Act repeals "any laws or parts of laws in conflict with this Act."

3

that the Allen court correctly applied the rules of statutory construction that when two statutes conflict, "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." In re Allen, 2010 WL 3958171 at *3 quoting Vines v. State, 499 S.E.2d 630, 632 (Ga. 1998); see also Morales v. Trans World Airlines, Inc., 504 U.S. 374, 385 (1992).

Section 44-13-100 is the statute specific to bankruptcy exemptions and therefore it prevails over the more general provisions of O.C.G.A. §33-25-11. The Georgia Legislature drafted the exemption statute §44-13-100 specifically with bankruptcy in mind. In doing so, it struck the intended balance between allowing a debtor in bankruptcy to exempt a limited amount of property in exchange for receiving a bankruptcy discharge. In striking this balance, the Legislature limited the aggregate exemption in such policies to $2,000.00.

Debtor also argues that 11 U.S.C. §522(d)(3) extends exemptions to "any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition." 11 U.S.C. §522(d)(3). Debtor contends §33-25-11 is the "State law applicable on the date of the filing of the petition." Contrary to Debtor's contention, I find that the "applicable State law" is O.C.G.A. §44-

---

2012 Georgia Laws Act 722 (S.B. 117).

4

13-100 for a debtor domiciled in Georgia who has filed bankruptcy. In re Dean, 2012 WL 957515 at *3; In re Ryan, 2012 WL 423854 at *2; In re Allen, 2010 WL 3958171 at *3; In re Ambrose, 179 B.R. at 984, n. 2; In re Boyett, 250 B.R. at 824.

In further support of her position, Debtor cites In re Fullwood, 446 B.R. 634 (Bankr. S.D. Ga. Mar. 17, 2010), where Judge Davis held that a worker's compensation lump sum payment for future benefits was exempt in bankruptcy pursuant to O.C.G.A. §34-9-84. After considering this issue, I agree with, and incorporate, the analysis set forth in In re Allen and find that the In re Fullwood case does not provide a basis for concluding that the life insurance provisions of O.C.G.A. §33-25-11 provide an additional exemption to a debtor in bankruptcy beyond what is provided by O.C.G.A. §44-13-100(a)(9). See also In re Ryan, 2012 WL 423854 at *2 (a subsequent case by Judge Davis considering the matter currently before the Court and concluding his previous analysis of In re Fullwood did not allow the debtor in bankruptcy to use O.C.G.A. §33-25-11(c) to exempt the cash surrender value of the policy beyond the $2,000.00 allowed in O.C.G.A. §44-13-100(a)(9)).

Finally, Debtor urges the Court to follow In re McCollam, 986 F.2d 426 (11th Cir. 1993) where, based upon the Florida Supreme Court's answer to its certified question, the Eleventh Circuit held that payments under an annuity contract were exempt for purposes of

5

bankruptcy. In re McCollam, 986 F.2d 426 (11th Cir. 1993). However, McCollam is distinguishable in that Florida does not have a specific statute addressing exemptions to be utilized in bankruptcy cases. See Fla. Stat. §222.20; In re Allen, 2010 WL 3958171 at *5 ("[U]nlike Georgia, Florida does not have a separate statute prescribing the exemptions available to debtors in bankruptcy. Rather, in Florida the same exemption statutes are available to both bankruptcy debtors and general judgment debtors.").

For the foregoing reasons, the Trustee's objection to exemptions is ORDERED SUSTAINED and Debtor's exemption in the life insurance cash surrender value exemption is LIMITED to Debtor's aggregate interest, not to exceed $2,000.00 as set forth in O.C.G.A. §44-13-100(a)(9).

/s/ Susan D. Barrett
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 15th Day of June 2012.

6